Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5578 | **DATE** | 6/7/2002 |
| **CASE TITLE** | LARRY DAVIS vs. RUBY FOODS, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruby Foods' motion for summary judgment [62-1] is granted. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 11 2002 | |
| | Notified counsel by telephone. | | date docketed | 85 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to magistrate judge. *Executive Committee* | U.S. DISTRICT COURT CLERK | 6/7/2002 date mailed notice | |
| CB | courtroom deputy's initials | 02 JUN 10 AM 11:35 | CB | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY DAVIS | ) | |
| | ) | |
| Plaintiff, | ) | No. 00 C 5578 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| RUBY FOODS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DOCKETED**
JUN 1 1 2002

## MEMORANDUM OPINION AND ORDER

Larry Davis, *pro se*, sues Ruby Foods, Inc. ("Ruby Foods") for sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Ruby Foods moves for summary judgment.

## BACKGROUND

### I. Procedural History

On September 14, 2000, Davis filed a 20-page *pro se* complaint. The complaint was devoid of numbered paragraphs; it contained frivolous allegations including a request to increase federal judge's salaries, information about Davis' role as an FBI informant, and a demand for $ 9 million in damages. This court dismissed the complaint without prejudice under Fed. R. Civ. P. 8, and granted Davis leave to file an amended complaint. Davis failed to amend his complaint, and appealed instead. The Seventh reversed and remanded. *Davis v. Ruby Foods*, 269 F.3d 818 (7th Cir. 2001). The Seventh Circuit held Davis' complaint sufficiently placed Ruby Foods on notice of his Title VII claim under Rule 8. *Id.* at 821.

1

85

## II. Local Rule 56.1 Violations

Although *pro se* plaintiffs are entitled to more lenient standards in some circumstances, the standards do not diminish in complying with procedural rules. *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Davis' response fails to comply with the local rules. Ruby Foods provided Davis with a Local Rule 56.1 notice to *pro se* litigants opposing summary judgment. *See* L.R. 56.2. In response, Davis submitted a 6-page document entitled "Deceitful Defendant." Davis asserts the Seventh Circuit has determined the validity of his sexual harassment claim, and Ruby Foods' summary judgment motion is a malicious attempt to use "tricks to cover up or conceal material facts." Resp. Br., at 4. Davis fails to respond to Ruby Foods' Rule 56.1 statement of facts. Davis' response cannot be deemed a Rule 56.1 statement of additional facts; no supporting exhibits, affidavits, or documents are submitted to support his assertions. *See* L.R. 56.1(b). Nor can Davis' response be characterized as an affidavit or a declaration; his response is not sworn under penalty of perjury nor is it notarized. *See* 28 U.S.C. § 1746; *Eddings v. Lefevour*, No. 98 C 7968, 2000 WL 146610, at *7 (N.D. Ill. Sept. 29, 2000). Accordingly, Ruby Foods' Rule 56.1 facts are deemed admitted. *Oates v. Discovery Zone*, 116 F.3d 1161, 1167 (7th Cir. 1997); *Flaherty v. Gas Research Inst.*, 31 F.3d 451, 453 (7th Cir. 1994); L.R. 56.1(b)(2)(B). Nevertheless, Ruby Foods' statement of facts does not assist the court in resolving the summary judgment motion. The court will rely primarily on Ruby Foods' supporting exhibits, including the affidavits of Sirajuddin Virani, Sultana Virani, and Habbiba Hussein.

## III. Statement of Facts

The following facts are undisputed. From April 15 to June 26, 1999, Davis was a Standard Foods, Inc. ("Standard") employee; he was hired to clean a Standard store located at 62 E. Jackson

Blvd. in Chicago. Davis voluntarily terminated his employment at Standard. From August 31 to September 3, 1999, Davis worked for Ruby Foods, Inc.; he was hired to clean a Dunkin' Donuts' store. Sirajuddin Virani is Standard and Ruby Foods' chief operating officer and owner. Sirajuddin Virani terminated Davis' employment at Dunkin' Donuts after three days because he completed cleaning the store. Sultana Virani is Sirajuddin's wife. Sultana Virani did not work at Dunkin' Donuts between August 31 and September 3, 1999. She did not visit the store or have contact with Davis.

## DISCUSSION

### I. Standard of Review

Summary judgment is proper when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *King v. National Human Res. Comm.*, 218 F.3d 719, 723 (7th Cir. 2000). Once a moving party has met its burden, the non-movant must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the nonmoving party. *Bay v. Cassens Transp., Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when the evidence is sufficient to support a reasonable jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). If the moving party meets this burden, the nonmovant must then respond by setting forth specific facts that demonstrate the existence of a genuine issue for trial. Fed. R. Civ. P. 56(e).

## II. Title VII Sexual Harassment Claim

Title VII sexual harassment claims generally fall within two categories: *quid pro quo* harassment and hostile work environment harassment. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 750 (1998). *Quid pro quo* harassment occurs when tangible employment benefits are conditioned upon an employee's compliance with the harasser's sexual demands. *Brill v. Lante Corp.*, 119 F.3d 1266, 1274 (7th Cir. 1997). In a hostile work environment claim, sexually demeaning behavior must be so severe or pervasive as to alter the terms and conditions of employment. *See Ellerth*, 524 U.S. at 750. Davis asserts he was terminated and Ruby Foods stopped payment on his paycheck because he rejected Sultana Virani's sexual advances. Accordingly, Davis' claim is a Title VII *quid pro quo* sexual harassment claim.

### A. EEOC Charge and Time-Barred Claims

Under Title VII, a charge of discrimination must be filed with the EEOC within 300 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e). Failure to meet this deadline bars any subsequent suit. *Snider v. Belvidere Township*, 216 F.3d 616, 618 (7th Cir. 2000); *Speer v. Rand McNally & Co.*, 123 F.3d 658, 662 (7th Cir. 1997).

In his EEOC charge, Davis alleges he was sexually harassed in April 1999 when he was a Ruby Foods employee. Def. 56.1 Facts, Ex. 10. Ruby Foods asserts Davis was a Standard employee from April 15 to June 26, 1999. *Id.*, Ex. 1, at ¶ 3. Regardless, Davis filed his EEOC charge on May 26, 2000. *Id.*, Ex. 10. As a result, Davis cannot base his sexual harassment complaint on acts that occurred prior to July 30, 1999. The continuing violation doctrine does not save Davis' claim. The continuing violation doctrine allows relief for a time-barred act by linking it with an act within the limitations period. *Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir. 1992). Davis was not a Standard or

4

Ruby Foods employee between June and August 1999; he was rehired to clean the Dunkin' Donuts store on August 31st. Discrete, isolated, and unconnected events cannot establish a continuing violation. *Jones v. Merchants Nat'l Bank & Trust Co.*, 42 F.3d 1054, 1058 (7th Cir. 1994); *Jones v. Motorola*, No. 00 C 6439, 2001 WL 864273, at *5 (N.D. Ill. Jul. 30, 2001); *Cervantes v. FCC Nat'l Bank*, No. 98 C 6730, 2000 WL 283973 (N.D. Ill. March 14, 2000). Accordingly, Davis' April 1999 sexual harassment claim is time-barred.

### B.     *Quid Pro Quo* Harassment

Title VII sexual harassment claims generally proceed under the burden-shifting method outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See Marshall v. Golfview Develop. Ctr., Inc.*, No. 99 C 7384, 2001 WL 648628, at *3 (N.D. Ill. Jun. 7, 2001). To establish a *prima facie* case of *quid pro quo* harassment, a plaintiff must demonstrate: (1) he is a member of a protected group; (2) the sexual advances were unwelcomed, (3) the harassment was sexually motivated; (4) the employee's reaction to the supervisor's advances affected a tangible aspect of employment; and (5) an agency relationship existed between the supervisor and the employer. *Bryson v. Chicago State Univ.*, 96 F.3d 912, 915 (7th Cir. 1996); *Zakaras v. United Airlines, Inc.*, 121 F.Supp.2d 1196, 1209 (N.D. Ill. 2000); *Urban v. Blossom Hill Center, Inc.*, No. 97 C 5507, 2000 WL 1262937, at *9 (N.D. Ill. Sept. 1, 2000). Davis must establish his refusal to succumb to Sultana Virani's purported sexual advances affected a tangible aspect of his employment. *King v. Finish Line, Inc.*, 997 F. Supp. 987, 991 (N.D. Ill. 1998); *Lacy v. Ameritech Mobile Comm.*, 965 F. Supp. 1056, 1073 (N.D. Ill. 1997).

If Davis sucessfully establishes a *prima facie* case, the burden of production shifts to Ruby Foods to articulate a legitimate, nondiscriminatory reason for his termination. *McDonnell Douglas,*

411 U.S. at 804. If Ruby Foods articulates a legitimate reason, the burden shifts to Davis to prove by a preponderance of the evidence Ruby Foods' proffered reason was a pretext for discrimination. *Id.*

Davis fails to establish a *prima facie* case of *quid pro quo* harassment. Davis does not advance evidence he was subjected to sexual advances or harassment by Sultana Virani. Indeed, the record is devoid of evidence Davis experienced harassment during his three-day employment at Ruby Foods. The affidavits of Sirajuddin Virani, Sultana Virani, and Habbiba Hussein, the Dunkin' Donuts store manager, are undisputed. Sultana Virani attests she did not work at or visit the Dunkin' Donuts store between August 31 and September 3, 1999; she did not make sexual advances to Davis; and she had no contact with Davis. Def. 56.1 Facts, Ex. 11, at ¶¶ 6-8. Sirajuddin Virani and Habbiba attest Sultana Virani did not work at or visit the Dunkin' Donuts store; and they witnessed no sexual advances or contact between Sultana Virani and Davis. *Id.*, Ex. 1, at ¶¶ 8-11; Ex. 13, at ¶¶ 3-4.

Further, Davis fails to rebut Ruby Foods' proffered nondiscriminatory reason for his termination. Davis was terminated after three days because he completed his temporary assignment—to clean the Dunkin' Donuts store. *See* Def. 56.1 Facts, Ex. 1, at ¶ 9. Davis fails to proffer evidence of pretext to demonstrate he was terminated because of Sultana Virani's purported sexual advances. *See e.g. Maple v. Publ. Int'l Ltd.*, No. 99 C 6936, 2000 WL 1029112, at *8 (N.D. Ill. July 25, 2000).

A *pro se* litigant is held to the substantive standards for opposing summary judgment. *See Kincaid v. Vail*, 969 F.2d 594, 600 (7th Cir. 1992). Davis does not offer a scintilla of evidence in response to Ruby Foods' summary judgment motion. *See Finnane v. Pentel of America, Ltd.*, No. 98 C 5817, 2000 WL 288437, at *4 (N.D. Ill. Mar. 14, 2000) (granting summary judgment where plaintiff failed to offer evidence of sexual advances). No reasonable jury could conclude Davis

suffered *quid pro quo* sexual harassment. Accordingly, summary judgment must be granted on the Title VII sexual harassment claim.

## III. Davis' Previous Filings

On March 29, 1989, the Executive Committee of the Northern District of Illinois entered an order restricting Davis' future filings. *In the Matter of Larry Davis*, No. 89 C 2557. Between November 1985 and March 1989, Davis filed more than 31 *pro se* civil actions, primarily repetitive complaints concerning an eviction from his apartment (6 cases); an arrest and detention (14 cases); discharge from employment (4 cases); and termination of public assistance payments (3 cases). *Id.* The Executive Committee order required the clerk of this court to maintain a miscellaneous file for Larry Davis' filings; the Executive Committee was to examine Davis' proposed filings to determine if they were meritorious. Davis appealed the Executive Committee order. The Seventh Circuit affirmed. *In re Matter of Larry Davis*, 878 F.2d 211 (7th Cir. 1989). The Seventh Circuit noted: "A hallmark of Mr. Davis' pleadings is the use of scurrilous attacks upon judges, counsel, parties, and nonparties [including] wholly unsupported claims of racial bias and bribery." *Id.* at 211; *see also Davis v. Adams*, No. 88 C 9127, 1989 WL 26821 (N.D. Ill. Mar. 21, 1989) (Shadur, J.) (striking Davis' repetitive filings in a terminated case).

This court was unaware of the Executive Committee order until Ruby Foods brought it to the court's attention in its summary judgment reply brief. Indeed, this court erroneously allowed Davis to proceed *in forma pauperis*, even though the 1989 order expressly required the Executive Committee to review Davis' future *in forma pauperis* applications. In this action, Davis has consistently filed frivolous motions, including motions entitled "Do Not Obstruct Justice," "FBI Made Aware of Your Trick," "False Statements," "Impeachment", "Indictment," and other

unintelligible motions for reconsideration and default judgment. He filed a frivolous appeal challenging this court's referral order to a magistrate judge. *See* Order of 7th Cir., April 3, 2002.

Davis recently filed an action under 42 U.S.C. § 1983 against the City of Chicago and a Circuit Court of Cook County judge. *See Davis v. City of Chicago*, No. 00 C 4432, 2001 WL 4697932 (N.D. Ill. Apr. 30, 2001) (Andersen, J.). Davis alleged the judge engaged in a conspiracy with the City of Chicago to incarcerate him. *Id.* Judge Andersen dismissed the action under Fed. R. Civ. P. 12(b)(6). Davis has obviously succeeded in continuing his litigious activities despite the Executive Committee order, wasting precious judicial time and resources. Numerous defendants have been forced to answer and defend Davis' frivolous claims.[1] Davis' prior actions are not relevant in resolving Ruby Foods' summary judgment motion. However, the court regrets that it was not aware of the Executive Committee order sooner, as its order permitting Davis to proceed *in forma pauperis* should have been decided by the Executive Committee.

## CONCLUSION

Ruby Foods' motion for summary judgment is granted.

June 7, 2002

ENTER:

Suzanne B. Conlon
United States District Judge

---

[1] In addition, the court notes Davis has authored and sent harassing letters to Sultana Virani professing his affection for her. *See* Def. 56.1 Facts, Ex. 14-23.

8